**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **EUGENE A. HEIKE** § | |
| § | |
| V. § | **CIVIL ACTION NO. 6:06-CV-430** |
| § | |
| **JOHN GARNER HEIKE** § | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. No. 8) and Defendant's Response. The Court held a hearing on the same on March 16, 2007 and denied Plaintiff's motion. This written Order contains the Court's reasoning.

## BACKGROUND

On October 11, 2006, Defendant filed its Notice of Removal with this Court, removing this case from the 114th Judicial District Court of Smith County, Texas. On October 24, 2006, Plaintiff filed the instant Motion to Remand on the grounds that this Court lacks jurisdiction over the subject matter of this action. Plaintiff claims diversity jurisdiction does not exist because (1) the case does not fulfill the amount in controversy requirement, and (2) there had been no showing of complete diversity regarding all parties necessary under Texas substantive law.

First, Plaintiff states that this is a trust case, that Defendant is being sued for information, to remove him as Trustee, and to prevent him from damaging the Trust. He argues that the petition in state court did not show on its face that over $75,000 in damages were ever sought. Further, Plaintiff contends that he filed an amended complaint in federal court before any answer was filed, in order to eliminate any claim for damages.

Second, Plaintiff claims that one of the named remainder beneficiaries in the trust, Durelle Heike Dresser ("Dresser"), is a necessary party under the Texas Trust Code to protect her substantive

rights. According to Plaintiff, Dresser's whereabouts are unknown because she is traveling across the country in an RV following a baseball team. Plaintiff does not know whether Dresser intends to live in Texas following her travels and has not joined and served her in the action. Nevertheless, Plaintiff claims that Defendant has not shown there will be complete diversity after all necessary parties are joined.

## APPLICABLE LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove from state court any civil action over which a federal court would have original jurisdiction. Removal on the basis of diversity of citizenship is proper where the case involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). As the removing party, the defendant bears the burden of establishing the basis for federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

*Amount in Controversy*

Where the plaintiff fails to allege a specific amount of damages in the complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5 th Cir. 2003) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The defendant can meet this burden either (1) if it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds $75,000, or (2) if it is not facially apparent, by establishing facts in controversy that support a finding the amount exceeds the jurisdictional amount. *Garcia*, 351 F.3d at 639. The jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached. *See Greenberg*, 134 F.3d at 1253-54.

Defendant argues that Plaintiff's state court petition includes a litany of alleged wrongdoings by Defendant, including allegations that Defendant has committed "per se violations" of his fiduciary duty, that Defendant has failed to make income distributions to Plaintiff and/or has made them late, that Defendant has converted Trust funds to his own use, including the purchase of "a residence for [Defendant] and his family," that Defendant has exhibited hostility towards Plaintiff and refused to provide him with information about the Trust, that Defendant has materially violated the terms of the Trust, that Defendant has acted solely for his own benefit rather than for the Plaintiff, and that Defendant has acted solely for his own benefit rather than for the Plaintiff, and that Defendant has mismanaged the Trust assets.

Further, Defendant notes that Plaintiff's state court petition asserts: (1) that Plaintiff is entitled to both compensatory and punitive damages based on Defendant's actions; (2) that Defendant's action have resulted in "material damage" to the Trust itself, for which Defendant is personally liable; and (3) that Defendant is liable to Plaintiff for his attorney's fees incurred in the matter.

In this case, Plaintiff's petition in state court did not show on its face that over $75,000 in damages was sought. However, the Court agrees with Defendant that the alleged "material damage" to the Trust assets, when coupled with Plaintiff's allegations that Defendant is liable to Plaintiff for alleged compensatory damages suffered by Plaintiff since the creation of the Trust in 1989, as well as punitive damages and attorney's fees, leaves little doubt that the monetary damages sought in Plaintiff's state court petition establishes an amount in controversy in excess of $75,000.

Further, in an action for declaratory or injunctive relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented. *Id.* at 1252-53. Stated

another way, in cases seeking equitable relief "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Garcia*, 351 F.3d at 640 (*citing Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

In this case, Plaintiff seeks a declaration from the Court removing Defendant as Trustee, ordering Defendant to return unspecified assets to the Trust, and ordering Defendant to make specified distributions to Plaintiff. In addition, Plaintiff seeks an injunction preventing Defendant or his agents from taking any further actions in regards to the Trust or any of the Trust assets. Plaintiff's Motion to Remand specifically asserts that Plaintiff is seeking to "protect the Trust." At the time of removal, the value of the Trust at issue was more than $718,000. Both the declaratory relief and injunctive relief sought by Plaintiff independently establish that the value of the right to be protected and the value of the extent of the injury sought to be prevented are both in excess of $75,000.

In an effort to apparently avoid federal jurisdiction, Plaintiff filed an amended complaint in federal court two days after the case was removed to federal court, in order to eliminate any claim for damages. However, the existence of federal subject matter jurisdiction is determined at the time of removal from state court. *See Bissonnet Invs. LLC v. Quinlan* (*In re Bissonnet Invs. LLC*), 320 F.3d 520, 525 (5th Cir. 2003). In order to determine whether jurisdiction is present, the claims set forth in the state court petition are considered as of the date of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Further, a complaint amended post-removal cannot divest a federal court of jurisdiction. *See Id.* (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

Thus, the court finds that Defendant has demonstrated by a preponderance of the evidence

that Plaintiff's request for declaratory and injunctive relief places an amount in controversy well in excess of $75,000.

*Complete Diversity*

Plaintiff additionally asserts that this Court lacks subject matter jurisdiction over this case because there is a necessary party to this case that has yet to be joined, and whose joinder would defeat diversity of citizenship among the parties. Plaintiff argues that Dresser, as yet an unnamed party to this action, must be joined as a necessary party pursuant to the Texas Trust Code because her substantive rights are potentially affected by this suit.

Complete diversity exists only when each plaintiff has a different citizenship than each defendant. 28 U.S.C. § 1332. However, it is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005). At this point, even Plaintiff is not certain as to Dresser's current domicile or where she will reside when she finishes her travels. That is not sufficient to destroy diversity between the parties currently before the Court. Moreover, as with federal subject matter jurisdiction itself, diversity of citizenship is determined at the time of commencement of the suit and the time of removal. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996). If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties. *Id.* (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957); *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).

In this case, no named defendant is a citizen of the same state as any plaintiff. Because the addition of non-diverse parties to the action after removal is irrelevant to the determination of whether subject matter jurisdiction exists in a case, and because diversity jurisdiction is established

5

at the time of the filing of the state court petition and the time of removal, the Court finds that complete diversity existed at the time of removal.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's burden has been met and this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Therefore, the Court **DENIES** Plaintiff's motion to remand.

**So ORDERED and SIGNED this 24th day of April, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE